# AMENDED CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the Purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFF**
UNITED STATES OF AMERICA

**DEFENDANTS:** UNIVERSITY OF GUAM    CV03-00022

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRMS NAME, ADDRESS, AND TELEPHONE NUMBER)**
MIKEL W. SCHWAB, Assistant U.S. Attorney
Sirena Plaza, Ste 500, 108 Hernan Cortez Ave., Hagatna, Guam

**ATTORNEYS (IF KNOWN)** MICHAEL J. VARTAIN, ESQ.
Vartain Law Grp, 601 Montgomery St., Ste. 300
San Francisco, CA 94111-2600

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- X 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizen of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF DEF | | PTF DEF |
|---|---|---|---|
| Citizen of This State | X 1 ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 ☐ 4 |
| Citizen of Another State | ☐ 2 ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 ☐ 3 | Foreign Nation | ☐ 6 ☐ 6 |

RECEIVED JUL - 2 2003 DISTRICT COURT OF GUAM HAGATNA, GUAM

## IV. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

TITLE VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgement
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suit
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury- Med Malpractice
- ☐ 365 Personal Injury- Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Food & Drug
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC (405(g))
- ☐ 863 DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- 890 Other Statutory X ☐ Actions

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- X 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- X 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights

## V. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (Specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgement

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) 28 U.S.C. § 1441, 1442, 1444,1446 AND 2409A

Extradition Request from the Federated States of Mirconesia. Title 18, Section 3184.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
**DEMAND $**
Check YES only if demanded in complaint:
JURY DEMAND: X YES ☐ NO

## VIII. RELATED CASES(S) (See instructions):
IF ANY    JUDGE _____ DOCKET NUMBER _____

**DATE:** June 30, 2003
**SIGNATURE OF ATTORNEY OF RECORD UNITED STATES DISTRICT COURT DATE**
MARIVIC P. DAVID, Assistant U.S. Attorney

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

RALPH F. BOYD, JR., Assistant Attorney General
WILLIAM B. FENTON, Deputy Section Chief
JENNY R. YANG, Senior Trial Attorney
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 307-3925 telephone

LEONARDO M. RAPADAS, United States Attorney
MIKEL W. SCHWAB, Civil Chief
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
(671) 472-7332

Attorneys for the United States

**IN UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNIVERSITY OF GUAM,<br><br>　　　　Defendant. | CIVIL ACTION NO. 03-00022 |

**COMPLAINT**

Plaintiff, the United States of America, alleges:

1. This action is brought on behalf of the United States of America ("United States") to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

2. The Court has jurisdiction of this action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331 & 1345.

3. The Defendant University of Guam ("Defendant" or "University") is a public territorial university and constitutes a body corporate, according to the laws of the Territory of Guam.

4. The Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

5. The Defendant has discriminated against Dr. Craig Lewis, a non-Chamorro Caucasian who served as Dean of Student Affairs at the University, by and among other ways, subjecting him to discriminatory terms, conditions and privileges of employment and discharging him because of his national origin and/or race in violation of Section 703(a) of Title VII, as amended, 42 U.S.C. § 2000e-2(a), and/or in retaliation for complaining about what he reasonably believed to be employment discrimination prohibited by Title VII, in violation of Section 704(a) of Title VII, as amended, 42 U.S.C. § 2000e-3(a).

6. The Defendant has discriminated against Kevin Konecny, a non-Chamorro Caucasian who served as Housing Director for the University, by and among other ways, subjecting him to discriminatory terms, conditions and privileges of employment and constructively discharging him because of his national origin and/or race in violation of Section 703(a) of Title VII, as amended, 42 U.S.C. § 2000e-2(a), and/or in retaliation for complaining about what he reasonably believed to be employment discrimination prohibited by Title VII, in violation of Section 704(a) of Title VII, as amended, 42 U.S.C. § 2000e-3(a).

7. The Defendant has discriminated against Allen Lomax, a non-Chamorro Caucasian who served as an Assistant Professor and Unit Chair of the Counseling Career Planning and Health Services Department of the Student Affairs Office ("Counseling Services Department") at

the University, by and among other ways, subjecting him to discriminatory terms, conditions and privileges of employment and constructively discharging him because of his national origin and/or race in violation of Section 703(a) of Title VII, as amended, 42 U.S.C. § 2000e-2(a).

8. The Defendant has discriminated against Betty Ann Burns, a non-Chamorro Caucasian who served as an Assistant Professor in the Counseling Services Department at the University, by and among other ways, subjecting her to discriminatory terms, conditions and privileges of employment and constructively discharging her because of her national origin and/or race in violation of Section 703(a) of Title VII, as amended, 42 U.S.C. § 2000e-2(a).

9. The Defendant has discriminated against Sparky Willemsen, a non-Chamorro Caucasian who served as a counselor instructor and disabilities program coordinator in the Counseling Services Department at the University, by and among other ways, subjecting her to discriminatory terms, conditions and privileges of employment because of her national origin and/or race in violation of Section 703(a) of Title VII, as amended, 42 U.S.C. § 2000e-2(a).

10. The Defendant has discriminated against Linda Rivera, a non-Chamorro Native American who worked as an administrative assistant to the University President, by and among other ways, subjecting her to discriminatory terms, conditions and privileges of employment and discharging her because of her national origin and/or race in violation of Section 703(a) of Title VII, as amended, 42 U.S.C. § 2000e-2(a), and/or in retaliation for complaining about what she reasonably believed to be employment discrimination prohibited by Title VII, in violation of Section 704(a) of Title VII, as amended, 42 U.S.C. § 2000e-3(a).

11. The Defendant has discriminated against Dianne Irvine, a non-Chamorro African American who served as the University Counsel and Executive Assistant to the President, by and among other ways, subjecting her to discriminatory terms, conditions and privileges of

-3-

employment and refusing to renew her contract because of her national origin and/or race in violation of Section 703(a) of Title VII, as amended, 42 U.S.C. § 2000e-2(a), and/or in retaliation for complaining about what she reasonably believed to be employment discrimination prohibited by Title VII, in violation of Section 704(a) of Title VII, as amended, 42 U.S.C. § 2000e-3(a).

12. The Defendant has discriminated against Gilford Standridge, a non-Chamorro Caucasian who served as the University's Field House Manager, by and among other ways, refusing to renew his contract because of his national origin and/or race in violation of Section 703(a) of Title VII, as amended, 42 U.S.C. § 2000e-2(a).

13. The Defendant has discriminated against Jane Jennison-Williams, a non-Chamorro Caucasian who worked at the University as a Technical Assistant, by and among other ways, refusing to renew her contract because of her national origin and/or race in violation of Section 703(a) of Title VII, as amended, 42 U.S.C. § 2000e-2(a).

14. The Defendant has discriminated against Carlotta Bradberry, a non-Chamorro Filipina who served as the University's Compliance Officer, by and among other ways, refusing to renew her contract because of her national origin and/or race in violation of Section 703(a) of Title VII, as amended, 42 U.S.C. § 2000e-2(a), and/or in retaliation for complaining about what she reasonably believed to be employment discrimination prohibited by Title VII, in violation of Section 704(a) of Title VII, as amended, 42 U.S.C. § 2000e-3(a).

15. The Defendant has discriminated against William Bradberry, a non-Chamorro Caucasian who served as an Associate Professor and Unit Chair in the Management, Marketing and Tourism Department at the University's College of Business and Public Administration, by and among other ways, denying him promotion and tenure, and discharging him because of his national origin and/or race in violation of Section 703(a) of Title VII, as amended, 42 U.S.C.

§ 2000e-2(a), and/or in retaliation for his wife, Carlotta Bradberry, having complained about what she reasonably believed to be employment discrimination prohibited by Title VII, in violation of Section 704(a) of Title VII, as amended, 42 U.S.C. § 2000e-3(a).

16. The persons named in paragraphs 5-15 above filed the following charges with the Equal Employment Opportunity Commission ("EEOC"), alleging employment discrimination by the Defendant in violation of Title VII:

| Name of Charging Party | EEOC Charge Number(s) |
| --- | --- |
| Craig Lewis | 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 |
| Kevin Konecny | 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 and 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 |
| Allen Lomax | 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 and 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 |
| Betty Ann Burns | 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 |
| Sparky Willemsen | 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 and 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 |
| Linda Rivera | 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 |
| Dianne Irvine | 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 |
| Gilford Standridge | 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 |
| Jane Jennison-Williams | 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 |
| Carlotta Bradberry | 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 |
| William Bradberry | 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 |

17. In accordance with Section 706 of Title VII, the EEOC investigated the charges filed by the charging parties, referenced above, issued Determinations finding reasonable cause to believe that the Defendant subjected each charging party to employment discrimination in violation of Title VII, attempted unsuccessfully to achieve through conciliation a voluntary resolution of the charges, and subsequently referred the charges to the Department of Justice.

-5-

18. All conditions precedent to filing suit have been performed or have occurred.

**WHEREFORE**, the United States prays that the Court grant the following relief:

(a) Require the Defendant to provide sufficient equitable relief to make whole the charging parties for the losses they have suffered as a result of the discrimination against them as alleged in this Complaint;

(b) Award compensatory damages to the charging parties as would fully compensate them for their injuries caused by the discrimination against them as alleged in this Complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and

(c) Require the Defendant to take appropriate measures to ensure that individuals are not subjected to discrimination in the terms, conditions and privileges of employment, non-renewal of contracts, or discharge on the basis of race or national origin or retaliated against for complaining about what they reasonably believe to be discrimination prohibited by Title VII.

The United States prays for such additional relief as justice may require, together with its costs and disbursements in this action.

# JURY DEMAND

The United States hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

*[signature]*

LEONARDO M. RAPADAS
United States Attorney
District of Guam

*[signature]*

MIKEL W. SCHWAB
Civil Chief
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Agana, Guam 96910
(318) 262-6618
(671) 472-7215 (telefacsimile)

JOHN ASHCROFT
Attorney General

*[signature]*

RALPH F. BOYD, JR.
Assistant Attorney General

*[signature]*

*[signature]*

WILLIAM B. FENTON
Deputy Section Chief
JENNY R. YANG
Senior Trial Attorney
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 307-3925
(202) 514-1105 (telefacsimile)